NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

In re the Matter of:

LAURA GIBSON HULSEY, *Petitioner/Appellee,*

*v.*

CODY LYNN HULSEY, *Respondent/Appellant.*

No. 1 CA-CV 16-0103 FC
FILED 1-5-2017

---

Appeal from the Superior Court in Navajo County
No. S0900DO201500271

The Honorable Dale P. Nielson, Judge

**AFFIRMED**

---

COUNSEL

Riggs Ellsworth & Porter PLC, Show Low
By Michael R. Ellsworth
*Counsel for Petitioner/Appellee*

Coronado Law Firm PLLC, Lakeside
By Eduardo H. Coronado, Kai M. Henderson
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Margaret H. Downie joined.

---

**N O R R I S**, Judge:

**¶1**　　　　Respondent/Appellant, Cody Lynn Hulsey ("Father"), appeals from a decree of dissolution, challenging the superior court's award of sole legal decision-making to Petitioner/Appellee Laura Gibson Hulsey ("Mother"), authorizing her to move to Utah with their minor children on or after March 1, 2017, and awarding Father less parenting time if Mother moved to Utah and he decided to stay in Arizona. For the following reasons we affirm these rulings.

### FACTS AND PROCEDURAL BACKGROUND[1]

**¶2**　　　　On January 6, 2016 the superior court entered a decree dissolving the parties' marriage. The decree established a comprehensive parenting time schedule, splitting time between Mother and Father by giving Father parenting time every other weekend as long as "he chooses to have the parenting time where the children reside." Because, however, Mother testified at trial that she would have the support of her extended family, better access to and opportunity for education, the ability to support herself and her children by working in her family's business, and would be unable to support herself and her children in Arizona, the court authorized Mother and the children to move to Utah on or after March 1, 2017. If Mother moved to Utah, and Father stayed in Arizona, then the court reduced Father's parenting time to "the first weekend of every month." The court also awarded Mother sole legal decision-making authority. On appeal, Father argues the superior court based these rulings on his need to

---

[1]We construe the facts in a light most favorable to affirming the decree. *Maricopa Cty. Juv. Action No. JS-8490*, 179 Ariz. 102, 106, 876 P.2d 1137, 1141 (1994) (citation omitted).

take prescription pain medication for his back injury and, further, ignored relevant evidence.

## DISCUSSION

I.      Sole Legal Decision-Making

¶3      When deciding whether to award sole or joint legal decision-making and parenting time, the superior court must consider the best interests of the child and all relevant factors, including those listed in Arizona Revised Statutes ("A.R.S.") section 25–403(A) (Supp. 2015) and A.R.S. § 25-403.01(B) (Supp. 2015). Additionally, the superior court must make express findings as to each factor and explain its reasoning in support of each finding. A.R.S. § 25–403(B). The court has substantial discretion in making these determinations.

¶4      Here, the superior court found that "the parents are not able to communicate effectively" and, while joint legal decision-making might be logistically possible, "the parents will not be able to communicate to the extent that [it] is possible." Additionally, it found an "escalating" pattern of domestic violence by Father against Mother and expressed "concern" about Father's mental health "given his reliance on pain medication." Based on these findings, the superior court concluded it was in the children's best interests to award sole legal decision-making authority to Mother.

¶5      On appeal, Father challenges the superior court's ruling granting sole legal decision-making to Mother, arguing that it abused its discretion because it "ignored evidence" when considering the relevant factors and instead "fixated" on his use of prescription pain medication to treat his back injury. Essentially, Father's argument requests that we re-weigh the evidence presented to the superior court, something this court will not do. *Hurd v. Hurd*, 223 Ariz. 48, 51–52, ¶¶ 11, 16, 219 P.3d 258, 261–62 (App. 2009) (appellate court will not re-weigh conflicting evidence or re-determine preponderance of the evidence) (citations omitted). In addition, "[w]e must give due regard to the trial court's opportunity to judge the credibility of the witnesses," and "[e]ven though conflicting evidence may exist, we affirm the trial court's ruling if substantial evidence supports it." *Id.* at 52, ¶ 16, 219 P.3d at 262 (citations omitted).

¶6      Contrary to Father's argument, the superior court neither ignored evidence nor fixated on his use of medication in awarding sole legal decision-making to Mother, and substantial evidence supports the superior court's findings. First, Father's own testimony that he "can't talk about anything serious" with Mother and Mother's testimony that they could not

"come to any agreement with one another" supports the superior court's finding that the parties' inability to communicate made joint legal decision-making impossible. Second, the court did not fixate on Father's use of prescription medication but rather expressed concern over his mental health based on the trial evidence that Father had a "short fuse" while on medication and "[h]e's very angry . . . go[ing] off in tirades in front of the kids." And, as noted, Mother testified that, after Father's injury, there had been four separate instances of domestic violence, the last witnessed by their children, which supported the court's finding of Father's "escalating" pattern of domestic violence. Given this evidence, the court did not abuse its discretion in awarding Mother sole legal decision-making.

II.    Relocation

¶7      Father next argues the superior court abused its discretion in authorizing Mother to relocate to Utah with her children on or after March 1, 2017. *Id*. at 52, ¶ 19, 219 P.3d at 262 (appellate court reviews superior court's decision to allow relocation for an abuse of discretion) (citation omitted). The statutes pertaining to legal decision-making and parenting time intersect with those pertaining to relocation. *See* A.R.S. § 25-408(I) (supp. 2015) (court considering relocation petition must take into account "all relevant factors" relating to child's best interests, including "[t]he factors prescribed under A.R.S. § 25–403"). In addition to the children's best interests, the court must consider the prospective advantages of the move "for improving the general quality of life for the custodial parent or for the child." A.R.S. § 25-408(I)(3).

¶8      The superior court found the children "to be adjusted" to their community in Utah and recognized Mother's need "to advance her education or employment opportunities" as the primary provider for the children. Although A.R.S. § 25-408(I) does not require the court to make specific findings of fact in deciding whether to allow relocation, the court clarified its reasoning during a hearing in response to Father's motion for clarification of the decree, explaining, "I see [Mother] as going to have to be the primary caretaker here because [Father] cannot work, he's very limited in his income ability, and the mother's got to have the opportunities to get education or training." The court also though it "reasonable to permit" Mother "to live with some distance" from Father in light of the domestic violence.

¶9      The record supports the superior court's relocation decision. Mother's family testified the children "love it [in Utah]" and her family is "there to assist if she needs help." In addition to Mother's testimony about the incidences of domestic violence, *see supra* ¶ 6, Mother further testified

she is financially unable to support herself in Arizona and she has an opportunity to work for her father in Utah after completing a "series of classes" in "technical business." In contrast, Father's family testified as to his difficulty "getting by" on only his disability income. Given this evidence, the superior court did not abuse its discretion in authorizing Mother to relocate to Utah with the children on or after March 1, 2017.

III.     Parenting Time

**¶10**         Finally, Father argues the superior court abused its discretion when it "denied [him] equal parenting time due to his back injury and need for pain medication" again asking us to re-weigh the evidence. As discussed above, *see supra* ¶ 2, the court reduced Father's parenting time if he decided to stay in Arizona if Mother and the children moved to Utah but, contrary to Father's argument, the court's decision was not based on his medical condition and use of medication. Considering the children's interests, the court believed it would be unfair to the children "to have to travel 20 hours twice a month" if Mother moved to Utah. Given the totality of the evidence presented to the superior court, as discussed above, and considering the distance between Father's home in Arizona and Mother's anticipated home in Utah, the superior court did not abuse its discretion in reducing Father's parenting time if Mother moved to Utah and he elected to stay in Arizona. *See Armer v. Armer*, 105 Ariz. 284, 289, 463 P.2d 818, 823 (1970) (appellate court reviews family court's decision regarding parenting time for abuse of discretion and will affirm "[u]nless it clearly appears that the trial judge has mistaken or ignored the evidence") (citation omitted).

## CONCLUSION

**¶11**         For the foregoing reasons, we affirm the superior court's rulings challenged by Father on appeal. In the exercise of our discretion and after considering the available information in the record regarding the parties' financial resources, we deny Mother's request for an award of attorneys' fees on appeal. We grant Mother, however, her taxable costs pursuant to A.R.S. § 25-324 (Supp. 2015), contingent upon her compliance with Arizona Rule of Civil Appellate Procedure 21.

